## MATTER OF KEYSER.

*Supreme Court, First District; Special Term, July, 1860.*

ASSESSMENTS IN THE CITY OF NEW YORK.

Of the requisites of a petition to vacate an assessment, for fraud or irregularity under the act of 1858.

Petition to vacate an assessment.

*A. R. Lawrence, Jr.*, for the petitioner.

*H. H. Anderson*, for the corporation.

BONNEY, J.—This petition states that in September, 1850, a resolution and ordinance were passed by the Common Council,

and approved by the Mayor of New York, for regulating and grading part of the Second Avenue, &c., and appointing assessors of the expenses thereof, which ordinance, in March, 1853, was amended; that under the authority of such resolution and ordinance, a contract for part of the work thereby directed was made in February, 1851, between the Corporation of New York and Daniel Gallagher, by which Gallagher (among other things) agreed to complete such work on or before 1st November, 1851 ; that said work was not completed until 27th May, 1854; that in August, 1854, an estimate or assessment, for payment of the expenses alleged to have been incurred for this regulating and grading, was made by the assessors, to whom by law that duty was confided, which was duly presented to the Common Council, and such proceedings thereupon had, that, in November, 1854, it was, by resolution passed in each Board and approved by the mayor, confirmed ; that by said assessment, a lot on the easterly side of Second Avenue, between Forty-eighth and Forty-ninth streets, within the limits of said Gallagher's contract, was assessed $221.49 ; that such lot belonged and was assessed to the petitioner ; that said assessment also embraced other parts of said work performed by James Gallagher and John Pettigrew, under other contracts ; that the total amount of said assessment is $388,519.22, made up as in the petition stated.

That there is *a fraud* and *an irregularity* in the proceedings relative to said assessment made, confirmed, and approved, as aforesaid, which consists in this : that $3364.50 is included in said assessment as the sum required to defray the charges or expenses for inspecting the work. That neither said ordinance nor said resolution, as amended, authorized any person to hire or employ an inspector on said work, or to include in the assessment any charge for the services of an inspector.

That, at the time of the making of this contract, an ordinance was in force which made the street commissioner, by virtue of his office, a city surveyor, and authorized him to appoint inspectors of contract-work connected with his department in all cases where the Common Council might deem the public interests to require such inspection.

That, at the time of the confirmation of such assessment, an act of the Legislature, passed April 12, 1853, was in force, which, by section 10, enacted that " No additional allowance beyond

the legal claim under any contract with the corporation, or for any service on its account, or its employment, shall ever be allowed."

That (as petitioner is advised and believes) said assessors were not authorized to include in the said assessment such sum of $3364.50 for inspecting the work, and that the entry thereof is a fraud upon the owners of the property assessed, inasmuch as the appointment of an inspector is not authorized by said ordinance, passed in September, 1850 ; that said item for inspection was not a legal claim against the corporation when the assessment was confirmed, and the confirmation and allowance thereof was a fraud on said owners of the property assessed ; and the entry of said item in the assessment was illegal, irregular, and fraudulent, and renders the assessment void.

That, by his contract, Daniel Gallagher agreed that in case said work was not finished on 1st November, 1851, he would pay said corporation, or allow to be retained out of the money payable to him for the work, ten dollars for every day during which said work remained unfinished after 1st November, 1851 ; that Gallagher did not finish the work until 27th May, 1854, and it was the duty of the corporation to deduct, from the money due him on the contract, ten dollars for every day after 1st November, 1851, during which the work remained unfinished, and the owners of the property assessed were entitled to have said deduction made ; that the number of days during which Gallagher was in default, in not completing said contract (exclusive of Sundays), is eight hundred and five, and $8050 should have been deducted from the money paid him ; that the full contract price on said work was nevertheless allowed and included in said assessment without any deduction whatever for such default, and the action of the assessors in so making the assessment, and of the Common Council in confirming the same, was a fraud upon the petitioner and other owners of the property assessed ; and, therefore, said assessment is fraudulent and void ; that such assessment is a lien on said lot of the petitioner, by which he is aggrieved, and he prays that such assessment may be declared to be null and void, and may be vacated and set aside.

This application is made under the act entitled " An act in relation to frauds in assessments for local improvements in the

city of New York," passed April 17, 1858 (*Laws of* 1858, 574, ch. 338), which enacts as follows :

" SEC. 1. If, in the proceedings relative to any assessment or assessments for local improvements in the city of New York, or in the proceedings to collect the same, any fraud or legal irregularity shall be alleged to have been committed, the party aggrieved thereby may apply to a judge of the Supreme Court in special term or in vacation, who shall thereupon, on due notice to the counsel of the corporation of the city in which the lands so assessed are situated, proceed forthwith to hear the proofs and allegations of the parties.

" SEC. 2. If, upon such hearing, it shall appear that the alleged fraud or irregularity has been committed, the said assessments shall be vacated, and the lien created thereby, or by any subsequent proceedings, shall cease."

The counsel for the corporation appears and moves that this application be denied, and the petition dismissed, upon two grounds—

*First.* That said act of the Legislature, under which the application is made, is unconstitutional, as in violation of article 6, section 8, of the constitution of this State, which provides that justices of the Supreme Court shall not hold any other office or public trust.   The view which I take of this case renders it unnecessary for me to pass upon this objection.   The question, as I understand, has been decided by some of the justices of this court, and is now pending before the general term on appeal.

*Second.* The second objection taken to the petition is, that it contains no such allegation of "*fraud or legal irregularity,*" in the proceedings relative to the assessment in question, as entitles the petitioner to relief under said act, admitting the act to be constitutional and valid ; and this objection, in my opinion, is well taken.

The words " legal irregularity," as here used, mean, as I understand them, a deviation from, or want of compliance with the forms of proceeding required by law to be taken and followed in making the assessment complained of, or in collecting it.   No such deviation or defect is here alleged ; but, on the contrary, the petitioner states (as above-mentioned) that an estimate or assessment was made by the officers (assessors) to whom, by law, that duty was confided ; which estimate or assessment was duly

presented to the Common Council, and was by the Common Council confirmed; and no act or omission is stated to have been done, or to have occurred in those proceedings, or any of them, by which any requirement of the statute, under which the proceedings were taken, was violated or not fulfilled. It is scarcely necessary to remark, that a mere allegation of irregularity, without stating how it was committed, is of no avail in a pleading, especially when it is also stated, in the same pleading, that the proceedings were taken by the proper officers, and duly presented to the appropriate tribunal, and confirmed.

Does this petition, then, allege *any fraud* in the proceedings in question, in such manner that the court can take cognizance thereof, and hear proof in relation to it? The allegation is, that the item of $3364.50 included in the assessment, for expenses of inspecting the work, was improperly allowed, because there was no authority for the employment of an inspector, or for inserting such charge in the assessment. That $8050 should have been deducted from the amount allowed Daniel Gallagher for work done under his contract, for his default in not completing such work within the time limited by the contract, which deduction was not made; and that such allowance of said item and omission to make such deduction were frauds upon the parties assessed.

But it is not stated in the petition, nor was it pretended by counsel on argument, that the petitioner, or any other person before the assessors, objected to the allowance of said item, or asked to have any deduction made from the amount of Gallagher's contract; nor, if any objection was raised before the assessors on either of those points, that such question was not fully and fairly heard, and evidence received in relation thereto, and honestly (even if erroneously) decided by the assessors; nor that any objection whatever was made to the confirmation of said assessment by the Common Council; nor that the petitioner and all other parties interested had not full notice of the proceedings and opportunity to appear, and be heard before the assessors, or on the application to confirm the assessment; nor that the allowance of said item for inspection, or the omission to make such deduction from the amount allowed Gallagher, was caused or produced by any concealment, private understanding, improper inducement, or fraudulent act whatever.

In my judgment, no such allegation of fraud or irregularity is made in this petition as entitles the petitioner to any relief under the act of April 17, 1858.   To hold otherwise would enable any person, whose property may be subject to assessment for any similar improvement, to lie by and permit the proceedings to be taken and completed without objection, and then, on the mere allegation that some item of charge, however inconsiderable, allowed by the assessors, was not authorized by the ordinance under which the proceedings were had, or was larger than it should be, to demand that his property, benefited by the improvement, should be released from the assessment *on the ground of fraud*.   And would also enable any person, whose objection to the allowance of any item included in the assessment had been fully and fairly heard and overruled, both by the assessors and by the Common Council, to apply under this act to set aside the assessment after confirmation, upon the mere allegation that such item was not a legal or proper charge, and therefore its allowance was a fraud upon the parties whose property was assessed.

The application must be denied, and the petition dismissed.

ERRATUM.

On page 163, line 5 of the opinion, for "repealable" read "appealable."